**Margaret W. LESLIE, Plaintiff,**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2470.**

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 24, 1970.

James N. Hardin, Greeneville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a judicial review of the final decision of the defendant administrator, denying the plaintiff's claim for the establishment of a period of disability and for disability insurance benefits. 42 U.S. C. § 405(g). Both parties have moved for a summary judgment. Rules 56(a), (b), Federal Rules of Civil Procedure.

The evidence reflects that Mrs. Leslie has some 15 years' experience as a sewing machine operator. She was 53 years of age on September 30, 1966, when she last was in insured status for disability purposes under the Social Security Act, and dropped out of school in the seventh grade. In July or afterward, 1963, in the course of her employment, she slipped on slick papers on the floor at her place of work and fell backward against the sewing machine she operated. She has not worked since. In August of that year, she began successful radiation therapy for a cancer on her chin. She appears to have recovered from that impairment, after subsequent dental treatments. At various times, she acquired a medical history of a cesarean section, a partial hysterectomy, ectopic pregnancy, an excised hiatus hernia, and postoperative adhesions.

On January 1, 1965, Mrs. Leslie's condition was diagnosed as a psychoneurotic and hypochondriacal impairment,

psychological abnormalities which were demonstrable by medically acceptable clinical diagnostic techniques. On December 21 of that year she underwent surgical excision of small intestinal adhesions. The following April (of 1966) her physician diagnosed her impairments as acute depression with anxiety, a menopausal syndrome, cephalgia (migraine type), and neurocirculatory asthenia. Dr. MacMinn advised the plaintiff at this time to return to her native Tennessee and to engage in no gainful work. He found her prognosis to be "poor". Dr. Marshall D. Hogan, Jr., a psychiatrist to whom Mrs. Leslie was referred for evaluation on February 9, 1968, diagnosed her condition as impairments of mild-to-moderate anxiety reaction and chronic and menopausal syndrome. He found her at that time " * * * quite jittery and tense * * * ".

The hearing examiner found, *inter alia,* that Mrs. Leslie " * * * still has back pain * * * "; and, that she " * * * has a psychoneurotic disorder * * * ". These both are impairments resulting from physiological and psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. The clear weight of the evidence would have justified further findings, omitted by the hearing examiner, that the plaintiff is also suffering from hypochondriacal and chronic menopausal syndrome resulting from physiological and psychological abnormalities which were demonstrable by medically acceptable clinical and laboratory techniques. The combination of these physical and mental impairments is of such severity that Mrs. Leslie was unable to resume operation of a sewing machine, and considering her age on September 30, 1966, limited education, and work experience, she could not engage in any other kind of substantial gainful employment which is extant in the national economy. Hypochondriasis is a " * * * [m]orbid anxiety about the health, often associated with a simulated disease and more or less pronounced melancholia." Dorland's Illustrated Medical Dictionary (23rd ed.) 649. Psychoneurosis is a " * * * [m]ental disorder which is of psychogenic [of emotional or psychologic origin, as opposed to an organic basis] origin but presents the essential symptoms of functional nervous disease, as hysteria, neurasthenia, psychasthenia. * * * " *Ibid.*, at 1129. A chronic menopausal syndrome is too familiar to the laity to require specific definition.

The failure of the hearing examiner to consider the combination of all the plaintiff's physical and mental impairments resulted in a negative finding, which is not supported by substantial evidence. The plaintiff had no way of establishing her disability from medically determinable physical or mental impairments if her credible medical evidence was ignored or disregarded by the examiner. The expertise of the administrator in some matters does not supplant the expertise of the medical witnesses. McLaughlin v. Celebrezze, D.C.Tenn. (1965), 239 F.Supp. 802, 804.

The final decision of the defendant Secretary hereby is reversed, and this action hereby is remanded to the defendant, with instructions that the plaintiff be awarded a period of disability and disability insurance benefits as of April, 1966.